## CHICAGO TITLE & TRUST CO et, Etc v WESTERN & SOUTHERN INDEM CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2365. Decided Jan 26, 1934

Blanchard, TouVelle & Nida, Columbus, and R. H. Hoffman, Columbus, for plaintiff in error.

Vorys, Sater, Seymour & Pease, Columbus, for defendant in error.

KLINGER and GUERNSEY, JJ, (3rd Dist), and WILLIAMS, J, (6th Dist), sitting.

## OPINION

By WILLIAMS, J.

Sec 2365-3 GC, after providing for the filing of a statement by a creditor, who has furnished material or performed labor for the principal on the bond, not later than ninety days after the acceptance of the building, work or improvement, provides as follows:

"No suit shall be brought against said sureties on said bond until after sixty days after the furnishing of said statement. If said indebtedness shall not be paid in full at the expiration of said sixty days, said person, firm or corporation may bring an action in his own name upon such bond, as provided in §§11242 and 11243 GC, said action to be commenced not later than one year from the date of acceptance of said building, work or improvement."

It appears that if action could only be brought under §2316 GC the period of limitation has run; but it also appears that if action is legally brought under §2365-3 GC the period of limitation has not run and the suit is properly filed in Franklin County. Of course if the action can only be brought under §2316, GC, then it can only be brought in Hamilton County and the service was properly quashed. A copy of the bond is attached to the petition. It is prepared on a printed form and at the top of the form and above the body of the bond are the following words: "Sec 2316 GC (107 O.L. 454) and §2365-4 GC (107 O.L., 642)." The bond contains in substance all of the provisions required in the bid bond under §2316 GC and also all the provisions required in a contract bond under §2365-4 GC. §2365-4 GC provides the form of the bond including the conditions. The bond is also in accordance with §2365-2, GC, which also has a provision relating to the conditions of the bond and one relating to the amount thereof. The bid bond was filed with the bid and as indicated was required to contain, among other things, a provision for payment of indebtedness similar to that prescribed in §§2365-2 and 2365-4 GC. When the contract was accepted the bid bond became a contract bond and under such circumstances there would seem to be little necessity to execute an additional contract bond in accordance with the form prescribed in §2365-4 GC. In fact it seems to us that the contention that the bond was both

a bid bond and a contract bond is a sound one, and that suit might have been begun on the bond as a bid bond in Hamilton County in the name of the State of Ohio for the benefit of the claimant within the time prescribed by §2316 GC. On the other hand we think the creditor had a right to elect to treat the bond as a contract bond and bring suit thereon in Franklin County in his own name. The Western & Southern Surety Company is a paid surety and is incorporated and engaged in the surety business; and we think a construction of the statutes will permit the creditor to elect to sue on the bond as a contract bond is more consonant with justice than the construction adopted by the court below. The Supreme Court has held that both §§2316 and 2365-3 GC are in force and not inconsistent with each other. **State ex Fleisher v State Office Building Commission, 123 Oh St, 70.** See also United States Fidelity & Guaranty Co. v State of Ohio ex Oak Hill Fire Brick & Coal Co., decided by the Court of Appeals of Madison County, November 21, 1933.

If both are in force and not inconsistent, both should be given effect. And if both are to be given effect, the bond which was given by the principal and defendant as surety is a bond under both sections and the defendant surety company should be held amenable to a suit properly brought under either section.

For prejudicial error in sustaining the motion to quash service, the judgment will be reversed and cause remanded for further proceedings according to law. Judgment reversed.

KLINGER and GUERNSEY, JJ, concur.